E. S. LEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16307.    Promulgated April 2, 1929.

*J. S. McElroy, Jr., Esq.*, for the petitioner.
*Frank S. Easby-Smith, Esq.*, for the respondent.

OPINION.

LITTLETON: The petitioner contends that the loss of $11,300 was sustained and should be allowed as a deduction from gross income for 1921, and that the Commissioner erred in not so allowing it. The fact shows that on October 25, 1920, the corporation decided to liquidate and on the same date it was ascertained that there were outstanding debts totaling $24,000.

Petitioner contends that it was not known and could not have been known in 1920 for what amount the remaining assets of the Integrity Oil Co. might be sold in 1921 and, therefore, he could not know in 1920 what loss he would sustain on his investment of $11,300 in the stock of the oil company.

It is true petitioner may not have known in 1920 what would be realized from the sale of the remaining assets of the oil company in

1921, but it is also true that it was known in 1920 that there were outstanding debts of the oil company amounting to $24,000 and that the assets sold in 1920 brought only $12,000.

It is stipulated that if the assets sold in 1921 had been sold in 1920, they would have brought no "more than $5,000." The facts stipulated, therefore, show that the stock of petitioner was, in fact, worthless in 1920. The value of the entire assets of the oil company was insufficient in either year to pay the outstanding indebtedness of $24,000, thus leaving nothing for the stockholders. The sustained loss and not his ascertainment is the statutory factor. *Carl Muller*, 4 B. T. A. 169, 173; *A. F. Osterloh*, 13 B. T. A. 713.

In *Joslyn Manufacturing & Supply Co.*, 6 B. T. A. 749, 752, the Board said:

Some point was made at the hearing that the definite ascertainment of the worthlessness of the stock was not until after the close of 1920, but as petitioner properly points out, the statute does not make the loss deduction dependent upon the time of ascertainment but rather upon the time when the loss is truly sustained. *Carl Muller*, 4 B. T. A. 169. See also *Henry M. Jones*, 4 B. T. A. 1286. Furthermore, even if ascertainment were necessary to support the deduction, it may fairly be said that such ascertainment occurred in 1920 and that subsequently further investigation was made to determine the extent of the deficit and the demands upon the petitioner which the liquidation would make. This subsequent investigation corroborated the petitioner's judgment of 1920.

It appears evident that on October 25, 1920, the stock of the oil company was worthless and events subsequent to that date only confirmed the fact.

*Judgment will be entered for the respondent.*